IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| STEPHEN SKINNER, | : |
|     Plaintiff, | : |
| v. | : Civil Action File No. |
| | : 13C-00709-6 |
| PROGRESSIVE MOUNTAIN INSURANCE COMPANY, | : |
|     Defendant. | : |

## ANSWER AND DEFENSES OF PROGRESSIVE MOUNTAIN INSURANCE COMPANY

COMES NOW Progressive Mountain Insurance Company ("Progressive") and files its Answer and Defenses to Plaintiff's Complaint and Demand for Jury Trial, showing the Court as follows:

### FIRST DEFENSE

All or part of Plaintiff's complaint fails to state a claim against Progressive upon which relief can be granted and all or part of Plaintiff's complaint should be dismissed on those grounds.

### SECOND DEFENSE

Progressive was not negligent and did not act in bad faith in any way with respect to the handling of claims made against Plaintiff arising from the February 20, 2011 automobile accident.

## THIRD DEFENSE

To the extent that Plaintiff is seeking to recover punitive damages from Progressive, Progressive shows that Plaintiff's request for punitive damages is barred because O.C.G.A. § 51-12-5.1 is unconstitutionally vague under the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and under Article I, Section 1, Paragraph 1 of the Georgia Constitution.

## FOURTH DEFENSE

To the extent that Plaintiff is seeking to recover punitive damages from Progressive, Progressive shows that Plaintiff's request for punitive damages is barred because Georgia law provides insufficient procedural safeguards for the award of punitive damages and authorizes awards of punitive damages in violation of the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and in violation of Article I, Section 1, Paragraph 1 of the Georgia Constitution.

## FIFTH DEFENSE

To the extent that Plaintiff is seeking to recover punitive damages from Progressive, Progressive shows that an award of punitive damages in this case would constitute an excessive fine in violation of the Eighth Amendment of the United States Constitution and in violation of Article I, Section 1, Paragraph 17 of the Georgia Constitution.

## SIXTH DEFENSE

To the extent that Plaintiff is seeking to recover punitive damages from Progressive, Progressive shows that as to Plaintiff's claims for punitive damages, pursuant to O.C.G.A. § 51-12-5.1, that said statute violates the United States and State of Georgia Constitutions on the following bases:  O.C.G.A. §51-12-5.1 is penal in nature and provides for the imposition of damages serving the function of criminal penalties, and any awards thereunder are, in effect, private fines.  Said statute further contains no discernible standards for the awards of damages and allows the entry of damages on a random, unpredictable, arbitrary, capricious and excessive basis.  Said statute further allows the entry of awards on the basis of proof that fails to establish the entitlement therefor beyond a reasonable doubt.  Said statute further fails to accord to parties the other basic federal constitutional rights accorded to defendants in criminal or penal matters, including without limitation, the right against self-incrimination.

## SEVENTH DEFENSE

In response to the individually numbered paragraphs contained in the Plaintiff's complaint, Progressive responds as follows:

1.

Progressive is without information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 1 of the complaint and therefore must deny same.

2.

In response to the allegations contained in paragraph 2 of the complaint, Progressive admits that it underwrites policies delivered in Gwinnett County, Georgia and maintains a claims office in Gwinnett County. Progressive denies the remainder of the allegations contained in paragraph 2 of the complaint.

3.

Progressive admits the allegations contained in paragraph 3 of the complaint.

4.

In response to the allegations contained in paragraph 4 of the complaint, Progressive admits that on or around February 20, 2011, Plaintiff was involved in an automobile accident in which Taylor Parkerson was injured. Progressive further admits that the accident arose because Plaintiff was doing "doughnuts" in a truck insured under a policy issued to Grady Wilson and the truck struck a pedestrian. Progressive further admits that prior to the accident, Plaintiff, who was under the age of 21, had consumed alcohol. Progressive is without information sufficient to form a belief as to the truthfulness of the remainder of the allegations contained in paragraph 4 of the complaint and therefore must deny same.

5.

In response to the allegations contained in paragraph 5 of the complaint, Progressive admits that Plaintiff was involved in an accident with Taylor Parkerson and that Mr. Parkerson was injured as a result of that accident, was treated by paramedics,

and was treated at a hospital for injuries sustained in the accident. Progressive further admits that Mr. Parkerson's treating physicians eventually determined that he had suffered a slight de-gloving injury. Progressive further admits that Mr. Parkerson eventually needed surgery as a result of injuries sustained in the accident and that he has indicated he may have a permanent physical impairment as a result of those injuries. Progressive denies the remaining allegations contained in paragraph 5 of the complaint.

6.

In response to the allegations contained in paragraph 6 of the complaint, Progressive admits that prior to the accident it issued a policy of insurance to Grady Wilson that insured the truck Plaintiff was driving at the time of the accident. Progressive further admits that there was evidence that supported the position that Plaintiff had permission to drive Mr. Wilson's vehicle. Progressive admits that it determined there was coverage for Plaintiff under the Progressive policy issued to Grady Wilson. Progressive denies the remainder of the allegations contained in paragraph 6 of the complaint.

7.

Progressive denies the allegations contained in paragraph 7 of the complaint.

8.

Progressive denies the allegations contained in paragraph 8 of the complaint.

9.

Progressive denies the allegations contained in paragraph 9 of the complaint.

10.

In response to the allegations contained in paragraph 10, Progressive admits that the duties it owed to its insureds are outlined in the policy issued to Grady Wilson. Progressive denies the remainder of the allegations contained in paragraph 10 of the complaint.

11.

Progressive denies the allegations contained in paragraph 11 of the complaint.

12.

In response to the allegations contained in paragraph 12 of the complaint, Progressive admits that James Creasy represented Taylor Parkerson and that Mr. Creasy notified Progressive of his representation of Mr. Parkerson shortly after the accident. Progressive is without information sufficient to form a belief as to the remainder of the allegations contained in paragraph 12 of the complaint and therefore must deny same.

13.

Progressive admits the allegations contained in paragraph 11 of the complaint.

14.

In response to the allegations contained in paragraph 14 of the complaint, Progressive admits that it received a copy of the March 4, 2011 demand letter attached

to the complaint as Exhibit A. Progressive further admits that the contents of the March 4, 2011 letter speak for themselves. Progressive denies the remainder of the allegations contained in paragraph 14 of the complaint.

15.

In response to the allegations contained in paragraph 15 of the complaint, Progressive admits that it received a copy of the March 4, 2011 demand letter attached to the complaint as Exhibit A and that it included the police report, affidavits from witnesses, some of Mr. Parkerson's medical records, and an article on de-gloving injuries, and that contents of and attachments to the March 4, 2011 letter speak for themselves. Progressive is without information sufficient to form a belief as to the truthfulness of the remainder of the allegations contained in paragraph 15 of the complaint and therefore must deny same.

16.

Progressive denies the allegations contained in paragraph 16 of the complaint.

17.

Progressive denies the allegations contained in paragraph 17 of the complaint.

18.

Progressive denies the allegations contained in paragraph 18 of the complaint.

19.

Progressive admits the allegations contained in paragraph 19 of the complaint.

20.

Progressive admits the allegations contained in paragraph 20 of the complaint.

21.

In response to the allegations contained in paragraph 21 of the complaint, Progressive admits that its adjuster and James Creasy discussed settlement of Taylor Parkerson's claims against Plaintiff after March 8, 2011. Progressive denies the remainder of the allegations contained in paragraph 21 of the complaint.

22.

Progressive denies the allegations contained in paragraph 22 of the complaint.

23.

Progressive admits the allegations contained in paragraph 23 of the complaint.

24.

Progressive admits the allegations contained in paragraph 24 of the complaint.

25.

Progressive admits the allegations contained in paragraph 25 of the complaint.

26.

Progressive admits the allegations contained in paragraph 26 of the complaint.

27.

Progressive denies the allegations contained in paragraph 27 of the complaint.

28.

Progressive denies the allegations contained in paragraph 88 of the complaint.

29.

Progressive is without information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 29 of the complaint that Mr. Parkerson's attorneys are "aggressively attempting to collect" from Mr. Skinner by filing a fi fa and filing post-collection proceedings against Mr. Skinner. Progressive denies the remainder of the allegations contained in paragraph 29 of the complaint.

30.

In response to the allegations contained in paragraph 30 of the complaint, Progressive admits that Plaintiff cooperated with Progressive following the accident. Progressive denies the remainder of the allegations contained in paragraph 30 of the complaint.

31.

In response to the allegations contained in paragraph 31 of the complaint, Progressive admits that it provided coverage to Plaintiff in the *Parkerson* litigation and it has not contested coverage for the claims against Plaintiff arising from the February 20, 2011 accident. Progressive denies the remainder of the allegations contained in paragraph 31 of the complaint.

## COUNT I
## BAD FAITH FAILURE TO SETTLE UNDER THE COMMON LAW

32.

Progressive incorporates herein by reference its defenses and responses to

Paragraphs 1 through 31 of Plaintiff's complaint as if fully set forth herein.

33.

Progressive denies the allegations contained in paragraph 33 of the complaint.

## COUNT II
## ATTORNEYS' FEES UNDER O.C.G.A. § 13-6-11

34.

Progressive incorporates herein by reference its defenses and responses to Paragraphs 1 through 33 of Plaintiff's complaint as if fully set forth herein.

35.

Progressive denies the allegations contained in paragraph 35 of the complaint.

## COUNT III
## PUNITIVE DAMAGES

36.

Progressive incorporates herein by reference its defenses and responses to Paragraphs 1 through 35 of Plaintiff's complaint as if fully set forth herein.

37.

Progressive denies the allegations contained in paragraph 37 of the complaint.

38.

In response to the allegations contained in Plaintiff's opening, unnumbered paragraph, Progressive admits that this case arises out of an automobile accident that occurred on February 20, 2011 and admits that Taylor Parkerson sustained injuries in the accident. Progressive further admits that prior to the accident it issued a policy of

insurance to Grady Wilson that provided coverage for the vehicle Plaintiff was operating at the time of the accident.

Progressive denies that it acted in bad faith, denies that it was negligent, and denies that it was given a "reasonable" opportunity to settle the claims against Plaintiff in the lawsuit brought by Mr. Parkerson. Progressive further denies that its conduct resulted in a $285,000 judgment being entered against Plaintiff in the *Parkerson* litigation and denies that it had "opportunities" to settle the claims against Plaintiff. Progressive also denies that put its financial interests above those of Plaintiff, denies that it "squandered" any opportunities to settle Mr. Parkerson's claims against Plaintiff, and denies that its conduct resulted in a "financially ruinous judgment" against Plaintiff. Progressive denies the remainder of the allegations contained in Plaintiff's opening, unnumbered paragraph.

39.

Progressive denies the allegations contained in Plaintiff's prayer for relief.

40.

Any fact, claim, prayer or allegation contained in Plaintiff's complaint not responded to hereinbefore is hereby expressly denied.

WHEREFORE, having fully responded to Plaintiff's complaint, Progressive demands that the complaint be dismissed with costs assessed against the appropriate remaining party.

Respectfully submitted, this 5th day of March, 2013.

                        CARLOCK, COPELAND & STAIR, LLP

                        */s/ Megan E. Boyd*
                        FRED M. VALZ, III
                        Georgia Bar No. 723379
                        MEGAN E. BOYD
                        State Bar No. 211079

                        *Attorneys for Progressive*

Carlock, Copeland & Stair, LLP
P.O. Box 56887
Atlanta, Georgia  30343-0887
404-522-8220

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER AND DEFENSES OF PROGRESSIVE MOUNTAIN INSURANCE COMPANY** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

James Sadd
Richard E. Dolder, Jr.
Slappey & Sadd
352 Sandy Springs Circle
Atlanta, Georgia 30328

Jerry N. Cadle
Jerry N. Cadle, PC
Post Office Box 68
Swainsboro, Georgia 30401

This 5th day of March, 2013.

_____
MEGAN E. BOYD
State Bar No. 211079
*Attorneys for Progressive*

Carlock, Copeland & Stair, LLP
P.O. Box 56887
Atlanta, Georgia  30343-0887
404-522-8220

4182563v.1