IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STEPHEN SKINNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. |
| | ) | 1:13-cv-00701-JOF |
| | ) | |
| PROGRESSIVE MOUNTAIN | ) | |
| INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## GILLIS AND CREASY, LLC AND LLOYD N. BELL, ESQ.'S MOTION TO *QUASH* WITH BRIEF IN SUPPORT

**COMES NOW**, **GILLIS AND CREASY, LLC** *and* **LLOYD N. BELL,**

**ESQ.**, (hereinafter referred to as "Movants"), and pursuant to F.R.C.P.

45(c)(3)(A)(iii), moves the Court to *quash* Defendant's Subpoena to Produce on the

grounds that it requires disclosure of privileged or other protected matter.  Movants

further show that Defendant's Subpoena is overbroad and not reasonably calculated

to lead to the discovery of admissible evidence.

In support of this Motion, Movants show the Court as follows:

1.

The above-captioned matter is a "… first party bad faith action" brought by Plaintiff against his insurance company for failing to settle a personal injury claim against him within the limits of available insurance.

2.

Movants represented Mr. Taylor Parkerson in a State Court action to recover for personal injuries he sustained when Plaintiff struck him with an automobile. *See generally*, **Parkerson v. Skinner**, State Court of Burke County, Civil Action No. 2011-S-0053.

3.

Prior to filing the State Court action, Movants demanded the limits of available insurance from Defendant to resolve Mr. Parkerson's claims against Plaintiff.

4.

Defendant *rejected* Movants' settlement demand, and subsequently *refused* to settle Mr. Parkerson's claims against Plaintiff within the policy limits.

5.

The State Court action proceeded to Jury Trial that resulted in a verdict which was nearly three times the limit of Plaintiff's insurance coverage with Defendant. *See generally*, **Parkerson v. Skinner**, State Court of Burke County, Civil Action No. 2011-S-0053.

6.

Further, because Plaintiff's actions involved the operation of a motor vehicle while under the influence of alcohol (… drunk driving), his indebtedness to Mr. Parkerson is non-dischargeable in Bankruptcy. *Compare*, **Parkerson v. Skinner**, State Court of Burke County, Civil Action No. 2011-S-0053, *with*, 11 U.S.C. §523(a)(9).

7.

Following Mr. Parkerson's collection efforts, Plaintiff filed this law suit to recover from Defendant.

8.

Defendant has now *subpoenaed* Movants' "… entire file." See, Subpoena, attached hereto as Exhibit A.

9.

As discussed below, Defendant's Subpoena impermissibly seeks materials and information that is protected by attorney/client privilege as well as materials and information developed and prepared in anticipation of litigation.  Further, Defendant's Subpoena is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

For all of the above-described reasons, Movants respectfully request the Court to quash Defendant's Subpoena.

## Brief in Support

First, Defendant's Subpoena seeks materials and information that has long been recognized as protected under applicable law.  Second, Defendant's Subpoena is overbroad.

### 1. Protected by Privilege

Movants' "… entire file" includes correspondence and emails to their client, Mr. Parkerson, as well as telephone notes reflecting such client communications that report on the status of the State Court litigation and comment on litigation strategy.

When sitting in diversity (as the Court is here), the question of whether materials and information are protected by the attorney-client privilege is governed by State law. *See*, **Underwriters Insurance Company v. Atlanta Gas Light Company**, 248 F.R.D. 663 (N.D. Ga. 2008), *citing*, **GAB Business Services, Inc. v. Syndicate 627**, 809 F.2d 755 (11th Cir. 1987) *and* **Shipes v. BIC Corporation**, 154 F.R.D. 301 (M.D. Ga. 1994).

Georgia law is clear that the attorney-client privilege protects communications between the client and his attorney. *See generally*, **Taylor v. Taylor**, 179 Ga. 691, 177 S.E. 582 (1934), *and*, **Southern Guarantee Insurance Company of Georgia v. Ash**, 192 Ga.App. 24, 383 S.E.2d 579 (1989).  Moreover, the attorney-client privilege belongs <u>to the client</u> (here, Mr. Parkerson)… <u>Not</u> Movants. **Peterson v. Baumwell**, 202 Ga. App. 283, 414 S.E.2d 278 (1992), **Waldrip v. Head**, 272 Ga. 572, 532 S.E.2d 380 (2000).

Therefore, Defendant's Subpoena seeks materials and information that is protected by the attorney-client privilege, which Movants have not waived, *and*, <u>cannot</u> waive.

## 2.  Defendant's Subpoena is Overbroad

Apart from client communications and notes, the <u>other</u> materials in Movants' "… entire file" consist of "… pleadings, discovery, notes, memoranda, correspondence, emails, and settlement agreements." *See*, **Patriot General Insurance Company v. Krebs**, 2013 WL 870444 (N.D. Ga. 2013).  This is the <u>exact</u> type of material Judge Story of this Court found to be overbroad, undiscoverable and protected.  ***Ibid***.

Here, Defendant has made absolutely <u>no</u> effort to tailor its request for materials and information that may be discoverable or shed light on why it chose to reject a settlement opportunity…  It simply seeks Movants' "… entire file." *See*, Exhibit A.

In that regard, U.S. District Courts in Georgia have routinely recognized that, in "… first party bad faith" actions, the attorney file materials for the underlying plaintiff are <u>not</u> discoverable and <u>not</u> relevant to the issue of whether the insurance company acted in good faith.  As best summarized, the issues and questions involve what the insurance carrier did in response to the information provided to it…  <u>Not</u> whatever may (or may not) lay hidden in the underlying plaintiff's counsel's files. *See*, **State Farm v. Griffin**, 2012 WL 1940797 (M.D. Ga. 2012).  *See also*, **Camacho v. Nationwide**, 287 F.R.D. 688 (N.D. Ga 2012), *and*, **Patriot**, *Supra*.

## Conclusion

For all of the above-described reasons, Movants' Motion to Quash should be inquired into and *granted*.

Respectfully Submitted, this 8th day of January, 2014.

S/  James K. Creasy
JAMES K CREASY
Georgia Bar No. 194862,
*Attorney for Movants.*

Gillis & Creasy
2 Ravinia Drive
 Suite 650,
Atlanta, Georgia 30346
jcreasy@gilliscreasy.com; 770-394-3127; fax 770-394-3117.

CERTIFICATE OF SERVICE

I have electronically filed this Motion to Add or Substitute Party Defendant with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

> Erica L. Parsons
> 191 Peachtree Street, NE
> Suite 3600
> Atlanta, GA  30303
>
> Richard E. Dolder
> 352    Sandy Springs Circle
> Atlanta, GA  30328

Dated January 8, 2014.

> S/ James K. Creasy
> JAMES K CREASY
> Georgia Bar No. 194862,
> *Attorney for Plaintiff.*

Gillis & Creasy
2 Ravinia Drive
 Suite 650,
Atlanta, Georgia 30346
jcreasy@gilliscreasy.com; 770-394-3127; fax 770-394-3117

8

# Exhibit A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

STEPHEN SKINNER,                              )
                                              )
                 Plaintiff,                   )
                                              )
vs.                                           )
                                              )   Civil Action Number
                                              )   1:13-CV-00701-JOF
PROGRESSIVE MOUNTAIN                          )
INSURANCE CO.,                                )
                                              )
                 Defendant.                   )

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    James K. Creasy
       Gillis & Creasy, LLC
       2 Ravinia Drive, Suite 650
       Atlanta, GA  30346

___X___  *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**Documents requested are listed on the attached Exhibit A.**

| Place:<br>Carlock, Copeland & Stair, LLP<br>One Ninety One Peachtree Tower<br>191 Peachtree Street, N.E., Suite 3600<br>Atlanta, Georgia 30303<br>Phone (404) 522-8220<br>Fax (404) 523-2345 | Date and Time:<br>January 8, 2014 |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

        *CLERK OF COURT*

                                        O R

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Progressive Mountain Insurance Company who issues or requests this subpoena, is:  Erica L. Parsons, Esq., Carlock, Copeland & Stair, LLP, One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 3600 Atlanta, Georgia 30303, eparsons@carlockcopeland.com, (404) 221-2319.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

## PROOF OF SERVICE

| SERVED: | DATE<br>December 9, 2013 | PLACE<br>James K. Creasy<br>Gillis & Creasy, LLC<br>2 Ravinia Drive, Suite 650<br>Atlanta, GA 30346 |
|---|---|---|

| SERVED ON: | MANNER OF SERVICE |
|---|---|
| JAMES K. CREASY, ESQ. | Certified Mail Return Receipt Requested |

| SERVED BY: | TITLE |
|---|---|
| ERICA L. PARSONS, III | ATTORNEY FOR DEFENDANT |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____12/9/13_____
                    Date

Signature of Server

Address of Server:
Carlock, Copeland & Stair, LLP
191 Peachtree Street, NE
Suite 3600
Atlanta, GA 30303-1740

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction —— which may include lost earnings and reasonable attorney's fees —— on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises —— or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)  At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

*(ii)*  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. **(3) Quashing or Modifying a Subpoena.**

*(A) When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i)  fails to allow a reasonable time to comply;

(ii)  requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)  subjects a person to undue burden.

*(B) When Permitted. To* protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i)  disclosing a trade secret or other confidential research, development, or commercial information;

(ii)  disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii)  a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i)  shows a substantial need for the testimony or material

that cannot be otherwise met without undue hardship; and

(ii)  ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1)  Producing  Documents  or  Electronically  Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A)  Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)  expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial- preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT "A"

A CERTIFIED COPY of your complete file, including, but not limited to letters, documents, correspondence, memorandum, photographs, statements, cd's, drawings, illustrations, and any and all other information regarding Taylor Parkerson and motor vehicle accident of February 20, 2011.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| STEPHEN SKINNER,       ) | |
|                 Plaintiff,    ) | |
|       ) | |
| vs.       ) | Civil Action Number |
|       ) | 1:13-cv-00701-JOF |
| PROGRESSIVE MOUNTAIN    ) | |
| INSURANCE CO.,       ) | |
|       ) | |
|                 Defendant.    ) | |

## RESPONSE TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

In response to the Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action, served upon me by counsel for Defendant Progressive Mountain Insurance Co. in the above-referenced case, I hereby certify that the attached documents are true and correct copies of all of documents in the possession, custody or control of James K. Creasy, Esq. and/ or Gillis & Creasy, LLC, that are responsive to the Request.

James K. Creasy, Esq.

Date: _____

Print Name: _____
Title:

Sworn to and subscribed before
me this ____ day of _____, 2013.

_____
NOTARY PUBLIC

4507738v.1

LAW OFFICES

# CARLOCK, COPELAND & STAIR, LLP

A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

| | | |
|---|---|---|
| **ERICA L. PARSONS** | **191 PEACHTREE STREET, N.E.** | **CHARLESTON, SC OFFICE** |
| | **SUITE 3600** | 40 Calhoun Street, Suite 400 |
| **DIRECT DIAL NUMBER** | **ATLANTA, GEORGIA 30303-1740** | Charleston, SC 29401-3001 |
| (404) 221-2319 | **TELEPHONE 404.522.8220** | **843.727.0307** |
| **E-MAIL ADDRESS** | | |
| eparsons@carlockcopeland.com | **MAILING ADDRESS** | |
| **FACSIMILE** | **P. O. Box 56887** | **REPLY TO ATLANTA OFFICE** |
| (404) 523-2345 | **Atlanta, Georgia** | |
| | **30343-0887** | |
| | www.carlockcopeland.com | |

December 9, 2013

**VIA CERTIFIED MAIL**

James K. Creasy, Esq.
Gillis & Creasy, LLC
2 Ravinia Drive, Suite 650
Atlanta, GA  30346

> Re:   Stephen Skinner v. Progressive Mountain Insurance Company
>        USDC, Northern District of Georgia, Atlanta Division
>        CAFN: 1:13-CV-00701-JOF
>        Our File No. 1106-44215

Dear Mr. Creasy:

This firm represents the Defendant in the above-referenced case.  Please see the enclosed Subpoena.

***In lieu of producing the documents at the noted location, certified copies of the requested documents may be mailed to me at the above address by January 8, 2014.***

If you have any questions or concerns, please feel free to contact me directly.

Sincerely,

ERICA L. PARSONS

/jkw
Enclosure
cc:   James N. Sadd & Richard English Dolder , Jr., Esqs./Slappey & Sadd

4507726v.1

## <u>Certificate of Compliance with L.R. 5.1</u>

I certify that the foregoing document complies with Local Rule 5.1. It has been typed in 14 point Times New Roman font.

<u>s/**James. K. Creasy**</u>
James K. Creasy
Georgia Bar No. 194862
jcreasy@gilliscreasy.com
Gillis and Creasy, LLC
2 Ravinia Drive
Suite 650
Atlanta, Georgia 30346
770.394.3127
